**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3541-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EL-AMIN BASHIR,
f/k/a LAURENCE JONES,

     Defendant-Appellant.

_____

Submitted January 24, 2019 – Decided February 19, 2019

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 99-04-0217.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Lauren R. Casale, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant El-Amin Bashir appeals from an October 6, 2017 order denying his petition for post-conviction relief (PCR). We affirm for the reasons set forth in the thorough and well-reasoned opinion of Judge Kevin M. Shanahan.

By way of background, in April 1999, a Somerset County grand jury indicted defendant on third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1), and third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(3). In July 1999, defendant pled guilty to both counts of the indictment and was sentenced to four years imprisonment.

In May 2000, defendant was released to intensive supervision parole. However, he violated the terms of his release, was returned to custody, and paroled again in April 2002. After defendant's release, he was detained in Florida on federal drug distribution charges. He received a 142-month sentence for the federal charge.

Defendant filed a PCR petition in February 2016. The petition was filed twelve years after the five-year time limit prescribed in Rule 3:22-12(a), and three and one half years after his release from prison in Florida. Defendant's petition asserted he had been deprived of effective assistance by plea counsel because his attorney did not advise him there would be greater penal

consequences if he were convicted of another offense in the future. He also asserted his attorney was ineffective because he failed to adequately investigate the matter and file motions to suppress evidence seized by police. Defendant argued his plea was involuntary because he entered into it under duress and had not been advised of future penal consequences. Defendant also filed a pro se brief raising additional points in support of his petition. In pertinent part, he argued the merits of his petition should be considered and should not be time- or procedurally-barred.

Judge Shanahan considered defendant's arguments and issued a comprehensive thirty-seven page written decision addressing each argument raised in the petition. The judge concluded defendant's petition was time-barred. The judge also reached the merits of the petition and found no basis for an ineffective assistance of counsel claim to either grant PCR relief or hold an evidentiary hearing. The judge also thoroughly analyzed defendant's plea-related claims and "agree[d] with the State that his bare allegations of asserted threats and narcotics use amount to an 'attempted manipulation of the criminal justice system.'" This appeal followed.

Defendant raises the following points on this appeal.

> POINT ONE – DEFENDANT IS ENTITLED TO POST-CONVICTION RELIEF BECAUSE HIS PLEA

A-3541-17T4

WAS NOT KNOWINGLY GIVEN DUE TO PLEA COUNSEL'S FAILURE TO ADVISE HIM OF THE FUTURE PENAL CONSEQUENCES OF HIS GUILTY PLEA.

POINT TWO – THE FIVE-YEAR TIME BAR SHOULD BE RELAXED DUE TO PETITIONER'S EXCUSABLE NEGLECT AND/OR THE INTERESTS OF JUSTICE.

To establish ineffective assistance of counsel, defendant must satisfy a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.
>
> [State v. Fritz, 105 N.J. 42, 52 (1987) (alteration in original) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).]

Counsel's performance is evaluated with extreme deference, "requiring 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]'" Ibid. "To rebut that strong presumption, a [petitioner] must establish . . . trial counsel's actions did not equate to 'sound

4

trial strategy.'" State v. Castagna, 187 N.J. 293, 314 (2006) (quoting Strickland, 466 U.S. at 689). "Mere dissatisfaction with a 'counsel's exercise of judgment' is insufficient to warrant overturning a conviction." State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Echols, 199 N.J. 344, 358 (2009)).

The Supreme Court has stated:

> When a guilty plea is part of the equation, we have explained that "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'"
>
> [State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (alterations in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).]

To demonstrate prejudice, "'actual ineffectiveness' . . . must [generally] be proved[.]" Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 692-93). Defendant must show the existence of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694).

A-3541-17T4

Trial judges should grant evidentiary hearings only if defendant has presented a prima facie claim of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462 (1992). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing, then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted); see also Rule 3:22-10(e).

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). Thus, if warranted, we may "conduct a de novo review of both the factual findings and legal conclusions of the [trial] court[.]" Harris, 181 N.J. at 421 (emphasis omitted).

Guided by these principles and having reviewed the record, we conclude defendant's arguments are without sufficient merit to warrant discussion in a written opinion and affirm for the reasons set forth in Judge Shanahan's October 6, 2017 decision. R. 2:11-3(e)(2).

A-3541-17T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

7